IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 17, 2001

## STATE OF TENNESSEE v. WILLIAM ORLANDO CRUTCHER

**Appeal from the Criminal Court for Davidson County**
**No. 2000-A-140     J. Randall Wyatt, Jr., Judge**

**No. M2001-00335-CCA-R3-CD - Filed October 25, 2001**

The Defendant, William Orlando Crutcher, pled guilty to three counts of aggravated sexual battery and two counts of attempted rape of a child. After a sentencing hearing, the trial court imposed a ten year sentence for each of the Defendant's five convictions and ordered that the three aggravated sexual battery convictions be served consecutively, for an effective sentence of thirty years. On appeal, the Defendant challenges the trial court's imposition of consecutive sentences. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JERRY L. SMITH, J., joined.

Jeffrey A. DeVasher, Nashville, Tennessee, for the appellant, William Orlando Crutcher.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant District Attorney General; Victor S. Johnson, District Attorney General; and Bernard McEvoy, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The victim in this case was the nephew of the Defendant. In 1998, the victim's parents were divorced and his father began living in the home of the victim's grandmother, where the Defendant also lived. The victim was nine years old at the time of the divorce. The victim visited his father at the home of his grandmother every other weekend. Because the victim's father worked long hours, the victim was often left with his bedridden grandmother and the Defendant. Soon after the victim began visiting his father, the Defendant began sexually abusing the victim. The Defendant would touch the victim's penis and buttocks and require the victim to touch the Defendant's penis and masturbate him. On at least one occasion, the Defendant placed the victim face down on the

floor and attempted, unsuccessfully, to anally penetrate him. The abuse occurred several times during each weekend visit for sixteen or seventeen months.

The abuse was eventually discovered after the victim became socially withdrawn and suffered a dramatic decline in academic and athletic achievement. After an incident at school, the victim's mother told him she was taking him to see his father. The victim became hysterical, begging not to be returned to the home where the abuse was occurring.

At the sentencing hearing, the victim testified that he did not tell anyone of the abuse because he feared the Defendant. The Defendant also testified and admitted the abuse. The Defendant also admitted the sexual abuse of at least three other young boys including his stepson whom he anally penetrated on numerous occasions when the boy was four years old.

## CONSECUTIVE SENTENCING

The Defendant's sole contention on appeal is that the trial court erred in imposing consecutive sentences for the three aggravated sexual battery convictions. Specifically, the Defendant contends that, when applied to the case at bar, the factors set forth in Tennessee Code Annotated section 40-35-115(b)(5) weigh against the imposition of consecutive sentences. We disagree and affirm the sentences imposed by the trial court.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Tennessee Code Annotated section 40-35-115 states that the trial court may impose consecutive sentences upon a defendant convicted of multiple criminal offenses if it finds by a preponderance of the evidence that the defendant falls into one of seven categories. The trial court in this case imposed consecutive sentences based upon section 40-35-115(b)(5) which allows consecutive sentences when

> [t]he defendant is convicted of two or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims.

Tenn. Code Ann. § 40-35-115(b)(5). In imposing consecutive sentences the trial court stated that "this defendant is a defendant who is convicted of two or more statutory offenses involving sexual abuse of a minor. And considering the aggravating circumstances arising from the relationship between the defendant and this young boy, [the victim], the time span of this undetected sexual activity, which is sixteen months, seventeen months" consecutive sentences were warranted. The trial court further found that "[e]ven though he's doing better now, I think the nature and scope of these acts and the extent of the physical and mental damage to him during that period of time was very serious and fits within this category that the law has prescribed."

The record supports the trial court's finding that the Defendant meets the criteria for consecutive sentences because of his crimes involving sexual abuse of the minor victim. It is apparent from the record that the Defendant sexually abused his young nephew every other weekend for more than a year. The victim's grades dropped dramatically, and the victim, who had previously been an outgoing and social person, became withdrawn due to his uncle's abuse. The victim has received counseling and has enjoyed a great deal of love and support from his family, but at the sentencing hearing he testified that the things the Defendant did to him made him feel "sick inside and bad about myself."

While the trial court acknowledged that the nature and scope of the sexual activity "could have been worse," he noted that "it was enough to be a very serious situation involving this young boy." Obviously, the Defendant's conduct was reprehensible. The statutory criteria for consecutive sentences was met. We find no error in the court's decision to impose consecutive sentences for the three aggravated sexual battery convictions.

## CONCLUSION
Accordingly, we conclude that the trial court properly imposed consecutive sentences. The judgment and sentence of the trial court is AFFIRMED.

_____
DAVID H. WELLES, JUDGE